IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. TYRRELL, | ) | CASE NO. 4:07CV3001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | REVERSING AND REMANDING FOR |
| MICHAEL J. ASTRUE, Commissioner | ) | FURTHER PROCEEDINGS |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Remand. Defendant asks the Court to reverse the decision of the administrative law judge (ALJ), and remand this action to Defendant pursuant to sentence four of Section 205(g), 42 U.S.C. § 405(g). The Plaintiff has not objected to the motion.

In support of the motion, Defendant states that agency counsel has requested that the Appeals Council reconsider the case, which it agreed to do. Upon its review, the Appeals Council determined that a remand for additional proceedings before an ALJ was appropriate. On remand, the ALJ will render a new decision that specifically considers the June 2001 Rating Decision of the Veteran's Administration (VA). (Tr. 118-21). The VA found that Plaintiff Timothy Tyrrell was entitled to "individual unemployability" effective January 10, 2001, based on an overall disability rating of 70 percent. (Tr. 118-21). The VA decision was in the record before the ALJ, but it was not expressly considered by the ALJ in his decision.

The necessity for remand was not discovered until this case was reviewed by Defendant's legal counsel for briefing. The Court finds that remand would expedite

administrative review and may make judicial review unnecessary.[1]  The Court will remand pursuant to sentence four of 42 U.S.C. § 405(g), which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

For all these reasons,

    IT IS ORDERED:

1. The Defendant's Motion to Remand (Filing No. 17) is granted;

2. The matter is reversed and remanded;

3. The matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order, which will specifically provide the ALJ to consider the June 2001 Rating Decision of the Veteran's Administration; and

4. A separate judgment will be filed.

DATED this 27th day of August, 2007.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          United States District Judge

---

[1] I am mindful that "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (*citing Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir. 1998)).