IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. TYRRELL, | ) | CASE NO. 4:07CV3001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 30). The motion is supported by a brief (Filing No. 32) and evidence (Filing No. 34). The Defendant responded (Filing No. 35), and the Plaintiff responded (Filing No. 36).

## FACTUAL BACKGROUND

On January 3, 2007, the Plaintiff filed his complaint alleging that he is disabled under the Social Security Act and requesting a reversal of the Commissioner's decision denying him benefits or, in the alternative, reversing the matter for a new hearing. (Filing No. 1.) The Plaintiff filed his supporting brief (Filing No. 12) and supplemental evidence (Filing No. 13). The Defendant did not file a brief; rather, the Defendant moved for a remand under sentence four of 42 U.S.C. § 405(g), which provides that the court may consider the pleadings and transcript of the record and enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding for a rehearing. (Filing No. 17.) A remand under sentence four terminates this Court's jurisdiction. *Travis v. Astrue,* 477 F.3d 1037, 1039 (8th Cir. 2007). In support of the request for remand, counsel for the Defendant stated that agency counsel reviewed the case and asked the

Appeals Council to review the case. Upon doing so, the Appeals Council concluded that a remand was appropriate. (Filing No. 17.) On August 27, 2007, this Court remanded the case to the ALJ, ordering in accordance with the Defendant's suggestion that the ALJ "render a new decision that specifically considers the June 2001 Rating Decision of the Veteran's Administration." (Filing No. 18.) The Court reasoned that while the Veterans Administration ("VA") found that he was entitled to "'individual employability' effective January 10, 2001, based on an overall disability rating of 70 percent," the ALJ failed to consider the VA decision that was in the record. (Filing No. 18.) In remanding the case, the Court entered judgment in favor of the Plaintiff and against the Defendant. (Filing No. 19.) Plaintiff's counsel received attorney fees in the total amount of $5,866.49 ($5,093.99 in attorney fees and $772.50 in paralegal fees) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The instant motion for attorney fees under 42 U.S.C. § 406(b) followed. (Filing No. 30.) In support of the application for § 406(b) fees, plaintiff's counsel filed the following evidence: the fee agreement entered into between the Plaintiff and his attorney (Ex. 1)[1]; the Commissioner's notice of the Plaintiff's past due benefits in the amount of $70,404.00 (Ex. 2); counsel's affidavit (Ex. 3); and counsel's letter to the ALJ dated March 7, 2008 (Ex. 4). The Defendant does not oppose a fee award but requests that the Court award a reasonable fee. (Filing No. 35.)

## DISCUSSION

42U.S.C. § 406(b) provides:

---

[1] The fee agreement states that the Plaintiff will pay an attorney fee equaling the larger of the following: $2,000; up to 25% of any awarded past-due benefits; or any EAJA award. (Filing No. 34, Ex. 1.)

2

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

EAJA fees are paid by the Social Security Administration, while fees awarded under § 406(b) are paid from the Claimant's past-due benefits. *Id.*; *Bear v. Astrue,* 544 F. Supp. 2d 881, 883 (D. Neb. 2008). When a claimant receives awards under both the EAJA and § 406(b), the claimant's attorney must refund the smaller award to the claimant. *Bear,* 544 F. Supp. 2d at 884-85. In determining whether a requested fee under § 406(b) is "reasonable," a court must consider factors including: the "'character of the representation and the results the representation achieved.'" *Bear,* 554 F. Supp. 2d at 884 (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002)). Also, a fee award may be reduced if the attorney is responsible for delay "such that [the attorney] would 'profit from the accumulation of benefits during the pendency of the case in court.'" *Id.* (quoting *Gisbrecht,* 535 U.S. at 793)).

Considering the applicable factors, the Court finds that Plaintiff's counsel is very experienced, having represented claimants in 61 cases in this Court. The quality of the attorney's work is good. In this case, the attorney filed a thorough brief, and the result was

that the government moved for a remand. The Court concludes that a fee award under § 406(b) is reasonable for the amount of work performed, 30.65 hours.[2]

With respect to the specific amount, the parties differ somewhat in their calculations. The Court has carefully reviewed both parties' calculations and, under the law, concluded that the following calculation is appropriate:

|  |  |  |
|---|---|---|
|  | $17,601.00 | withheld by the SSA as 25% of past-due benefits |
| - | $5,300.00 | attorney fees awarded for work at the administrative level |
| subtotal | $12,301.00 | maximum allowable fee under § 406(b) |
| - | $2,000.01 | discount allowed by attorney for delay in filing the § 406(b) motion[3] |
| total | $10,300.99 | total fee requested |

The Plaintiff requests that the Court then deduct from the $10,300.99 amount a sum of $5,093.99 representing the EAJA fee award. However, two issues arise regarding this portion of the calculation. One is that the law provides that when an attorney receives both an EAJA and § 406(b) award the attorney must refund the smaller amount to the claimant. That procedure will be followed in this case. The second issue is that the total EAJA award (including the paralegal fee) awarded by this Court was $5,866.49, not $5,093.99 as stated by Plaintiff's counsel. Therefore, a total fee under § 406(b) will be awarded in the amount

---

[2]The attorney represents that he worked 30.65 hours on this case before this Court. (Filing No. 32, at 3.)

[3]The details regarding the delay are described in Filing No. 34, Ex. 3, ¶ 4.

of $10,300.99, and Plaintiff's counsel will be ordered to refund $5,866.49 to the Plaintiff.

IT IS ORDERED:

1. The Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 30) is granted in the amount of $10,300.99, which must be paid from the 25% of the Plaintiff's past-due benefits being held by the Social Security Administration for direct payment to counsel for an authorized attorney fee; and

2. Plaintiff's counsel must refund the Plaintiff $5,866.49, which represents the total attorney fee previously awarded by this Court under the EAJA.

DATED this 21st day of May, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge